# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JOSE ARTEAGA RODRIGUEZ,
Reg. #11782-179                                                                                    PLAINTIFF

V.                                    2:13CV00168 KGB/JTR

MARK P. SHARP, Doctor,
Forrest City, FCI et al.                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Discussion

In December of 2013, Plaintiff, Jose Artega Rodriguez, filed this *pro se Bivens* action alleging that, while he was a federal prisoner in Arkansas, Defendants failed to provide him with constitutionally adequate medical care for osteoarthritis in both knees. *Docs. 1, 25, 28, & 46.* When Plaintiff filed his Complaint, he was a federal prisoner in Texas.

In June of 2015, Plaintiff completed his federal sentence and was deported to Mexico. *Doc. 102, Ex. 1.* However, eighteen months *before* his deportation, Plaintiff received this Court's December 18, 2013 Order explaining to him, Local Rule 5.5(c)(2), which provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

*Doc. 2* (emphasis added).

Thus, Plaintiff *knew* it was his obligation to promptly provide the Clerk with his new mailing address in Mexico. He failed to discharge that obligation.

On July 1, 2015, the Court mailed Plaintiff an Order, at his last known address

-- the federal prison in Texas. *Doc. 90.* This Order directed Plaintiff to file a Response to Defendant Toro's Motion to Dismiss. *Id.* Plaintiff has failed to file a Response to this Motion to Dismiss, and the time for doing so has now expired.

Accordingly, based on Local Rule 5.5(c)(2), the Court recommends that this case be dismissed, without prejudice.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. Defendants' Motions to Dismiss for Failing to State A Claim (*Docs. 88 & 102*) be DENIED, AS MOOT.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 3rd day of September, 2015.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE